UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**VICTOR GONZALEZ,**

    **Plaintiff**

    v.                                                                            Case No.  02-3270

**DR. FNU McINTYRE,
DR. FNU MATTICKS, and
JOHN CEARLOCK,**

    **Defendants.**

### Order

    The plaintiff brought this lawsuit on October 18, 2002 when he filed a petition to proceed in forma pauperis, alongwith a complaint.  The complaint was filed on March 11, 2003.

    The only remaining defendant in his lawsuit is Dr. Robert McIntyre.  On May 28, 2003, the plaintiff was reminded that Dr. McIntyre had not been served and that Fed. R. Civ. Proc. Rule 4(m) requires that defendants are served within 120 days of the date of filing the complaint or the court may dismiss the case without prejudice.  The plaintiff was advised that the U S Marshal had attempted to serve the defendant, but reminded the plaintiff that he was ultimately responsible for service.  On June 17, 2003, the docket shows that the U. S. Marshal attempted again to serve Dr. McIntyre and the U. S. Marshal Service form indicated return of service was unexecuted and further that Dr. McIntyre was no longer employed at the agency.  On June 19, 2003, a notice was sent to the plaintiff advising him of the same, alongwith a copy of the docket sheet, summons and new marshal forms.

    On March 16, 2004, the court entered an order directing defendant Cearlock to inform the court if he, or Graham Correctional Center, or the Illinois Department of Corrections possesses the current or last known address for defendants McIntyre.  On March 26, 2004, Cearlock advised the court that they were unable to locate an address for defendant Robert McIntyre.  On June 22, 2004, the court directed Cearlock's attorney to locate Dr. McIntyre.  On August 28, 2004, the court docket shows that Cearlock's attorney, in compliance, with the court order of June 22, 2004,  advised the court that defendant McIntyre's address had been sent to the U.S. Marshal Service.  The court then directed the U. S. Marshal to serve defendant McIntyre at the address provided by Cearlock's attorney.  On September 10, 2004, the docket shows summons returned unexecuted by the U.S. Marshal as to defendant Dr. McIntyre.   A remark on U.S. Marshal form indicate that McIntyre did not live at address and there was no forwarding address.

    On September 26, 2005, the court ruled the plaintiff to show good cause why defendant McIntyre should not be dismissed for failure to timely serve him pursuant to Fed. R. Civ. Proc.

4(m), within fourteen days.  The plaintiff was forewarned that if he failed to comply with the order within the specified time, his complaint against McIntyre would be summarily dismissed and his entire lawsuit would be terminated.

On October 24, 2005, the plaintiff requested the status of this case.  In response, the clerk of the court mailed a copy of the docket to him.  As of today, the plaintiff has not responded to the court's September 26, 2005 order directing him to show good cause why Dr. McIntyre should not be dismissed for failure to timely serve him pursuant to Fed. R. Civ. Pro. 4(m).  As a result, defendant McIntyre is terminated as a defendant.  As he is the last defendant remaining in this case, the plaintiff's lawsuit is terminated.

**It is therefore ordered:**

1. **As the plaintiff has failed to timely serve Dr. Robert McIntyre and has now shown good cause for the failure, pursuant to Fed. R. Civ. Pro. Rule 4(m), Dr. Robert McIntyre is dismissed as a defendant in his lawsuit.**
2. **As Dr. Robert McIntyre is the only remaining defendant in this lawsuit, this lawsuit is terminated in its entirety and any remaining matters are rendered moot.**
3. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may accumulate a strike under 28 U.S.C. 1915(g).**

**Enter this 9th day of March 2006.**

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE